IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TIMOTHY EARL HATCHETT, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. DKC-20-2059 |
| ASSISTANT WARDEN JEFF NINES and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND | * * | |
| Respondents. | * | |

***

## MEMORANDUM OPINION

The above-captioned petition for writ of habeas corpus pursuant to 28 U.S.C.§ 2254, was received for filing on July 14, 2020. ECF No. 1. Mr. Hatchett challenges his 1991 conviction for attempted first degree murder, attempted second degree murder, conspiracy to commit attempted first degree murder, and use of a handgun in the commission of a crime of violence. *Id.* at 1. The Attorney General was directed to file an answer to the petition and did so on August 26, 2020. The answer notes that this is not Mr. Hatchett's first habeas petition. Instead, Mr. Hatchett previously sought habeas relief in this court on one other occasion. *See Hatchett v. Corcoran, et al.*, Civil Action No. DKC-97-644 (D. Md. 1998).

Under 28 U.S.C. § 2244, Mr. Hatchett may only file a second or successive habeas corpus petition if he has first moved the appropriate circuit court for an order authorizing the district court to consider his application. *See* 28 U.S.C. § 2244(b)(3); *Felker v. Turpin*, 83 F.3d 1303, 1305-07 (11th Cir.1996). The pending Petition is successive; and generally, this court may not consider it until the United States Court of Appeals for the Fourth Circuit enters an order authorizing the court to do so. *See* 28 U.S.C. § 2244(b)(3)(A); *see also In re Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997).

However, a second Petition for Writ of Habeas Corpus is not "successive" if the claims asserted were not ripe at the time the first petition was filed. *See Panetti v. Quarterman*, 551 U.S. 930, 942-47 (2007) (death penalty Eighth Amendment claim in a second application was not subject to the gatekeeping mechanism of the Anti-Terrorism and Effective Death Penalty Act (AEDPA) because the first petition was filed before an execution date was scheduled), *accord United States v. Hairston*, 754 F.3d 258, 262 (4th Cir. 2014), *see also Hicks v. Clarke,* 3:15CV405, 2016 WL 8731440, at *8 (E.D. Va. Sept. 30, 2016), appeal dismissed, 682 Fed. Appx. 253 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 199 (2017) (holding *Brady*[1]-based second-in-time petitions do not fall within the ripeness exception where the facts underlying the claim existed when the first petition was filed). "Congress has empowered the courts of appeals to authorize the filing of a second or successive habeas petition where 'the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]'" *Evans v. Smith*, 220 F.3d 306, 323 (4th Cir. 2000) (alteration in original) (quoting 28 U.S.C. § 2244(b)(3)). As the *Evans* court observed:

> [A] petitioner may be able to present a claim for the first time in a successive habeas petition where the claim relies on a *new rule of constitutional law*, *see* 28 U.S.C. § 2244(b)(2)(A), or, if the claim is based on newly discovered evidence, where the petitioner can make a prima facie showing of both cause and prejudice within the meaning of § 2244(b)(2)(B)(i) and § 2244(b)(2)(B)(ii). These requirements serve the important interests in finality and respect for state court judgments that underlie the statutory habeas scheme. . . At the same time, the statute affords an opportunity to bring new claims where the petitioner can show that he was not at fault for failing to raise those claims previously and where the claim, if meritorious, would sufficiently undermine confidence in the judgment at issue.

*Id*. (emphasis supplied).

In his reply, Mr. Hatchett asserts that he is permitted to file this petition as it is based on the "newly discovered evidence" exception. ECF No. 5 at 2. Mr. Hatchett states that he "finally

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

2

received the (Docket Entry) in 2011 and (Prosecutor File – Indictment) in 2012…" ECF No. 1 at 5.  He claims that it was not until 2011, upon receipt of a completed docket entry from the Clerk of the court that it "was revealed that the charge of assault with intent to murder Towanda Robinson under alleged indictment 190302032 was dismissed by the State on October 29, 1990…" and that in 2012, when the prosecutor's file was released, "it was revealed that [he] was never charged or indicted for attempted first or second degree murder of Towanda Robinson – even though [he] was convicted of second degree murder of Towanda Robinson…" ECF No. 5 at 3, 4.  Mr. Hatchett also claims that the prosecutor's file revealed that he was "never charged or indicted for conspiracy to commit attempted first degree murder of Gerald A. Brown – even though [he] was convicted of conspiracy to commit attempted first degree murder of Gerald A. Brown." *Id.* at 4.  Mr. Hatchett argues that the State was permitted to "constructively amend the indictment…by adding the two former indictments thereby eviscerating the Grand Jury process…" *Id.* at 5.  The lack of access to this evidence, Mr. Hatchett asserts, prevented him from raising "subject matter jurisdiction" in his first petition. *Id.* at 8.

To succeed under this exception, Mr. Hatchett needs to make a prima facie showing that "(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B)(i-ii); *see Evans*, 220 F.3d at 323.  Mr. Hatchett states that he exercised due diligence to obtain the docket entries and prosecutorial file for five years after his 1991 conviction and it was not until 2011 and 2012, respectively, that he received these documents.  However, Mr. Hatchett fails to explain why the docket could not have been

3

obtained by counsel prior to his previous habeas petition or why he has waited eight years to file this successive habeas petition based on receipt of these documents.[2] Furthermore, Mr. Hatchett fails to demonstrate how this evidence would have prevented a reasonable factfinder from finding him guilty of the underlying charges. He claims that the full docket entry reveals that a charge for assault with intent to murder was dismissed, a charge for which he has not been convicted. Moreover, Mr. Hatchett fails to demonstrate how the evidence divests the State court of subject matter jurisdiction or generally how it would have prevented a fact finder from finding him guilty of the underlying charges.

As Mr. Hatchett's claim does not meet the newly discovered evidence exception and it does not appear that Mr. Hatchett has complied with the "gatekeeper" provision governing successive petitions, the pending application for habeas corpus relief must be dismissed pursuant to 28 U.S.C. § 2244(b)(3).

The United States Court of Appeals for the Fourth Circuit has set forth instructions to obtain the aforementioned authorization Order. The procedural requirements and deadlines are extensive. Consequently, this court has attached hereto a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should Mr. Hatchett wish to seek authorization to file a successive petition. It is to be emphasized that Mr. Hatchett must file the request for authorization with the Fourth Circuit and obtain authorization to file his successive petition before this court may examine his claims.

---

[2] The record indicates that Mr. Hatchett filed a motion for authorization to file a successive petition with the Fourth Circuit on January 10, 2012, which does not appear to include the evidence that had recently been obtained. ECF No. 4-1 at 217-22 (SR 214-19). The motion was denied on July 23, 2012. *Id.* at 223 (SR 220).

When a district court dismisses a habeas petition solely on procedural grounds, a Certificate of Appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). The denial of a Certificate of Appealability does not preclude Mr. Hatchett from seeking permission to file a successive petition or from pursuing his claims upon receiving such permission. Because Mr. Hatchett has not made a substantial showing of the denial of his constitutional rights, this court will not issue a Certificate of Appealability.

A separate order will follow.

October 22, 2020                           _____/s/_____
                                           DEBORAH K. CHASANOW
                                           United States District Judge